IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARSHALL WARD, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:15-cv-72 |
| | § | |
| GRAYSON COUNTY, TEXAS, | § | |
|     Defendant. | § | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Marshall Ward, Plaintiff, and files this original complaint against Grayson County, Texas (hereinafter "Defendant"), and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff is an individual residing in Grayson County, Texas.

2. Defendant Grayson County, Texas is a governmental entity doing business in Texas and may be served by serving its County Judge, William Magers, 100 W. Houston Street, Sherman, Texas 75090.

### II. JURISDICTION

3. Jurisdiction is founded on federal question, specifically, 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

4. All prerequisites to filing suit have been met.

### III. FACTS

5. Plaintiff was employed by Grayson County, Texas for over twenty (20) years. He began working there on or about May 17, 1993. For most of his tenure with Defendant, Plaintiff held the

position of Sanitarian in the Health Department.

6. Plaintiff experienced a seizure in July 2012. He was off work for approximately 4-6 days. He was subsequently diagnosed with epilepsy/adult onset seizure disorder.

7. In late August 2012, Grayson County placed Plaintiff in the position of Eligibility Clerk in the Indigent Care Program of the Health Department effective September 1, 2012. This resulted in a substantial reduction in pay from $1,929.27 biweekly as Sanitarian to $1,289.88 biweekly as an Eligibility Clerk.

8. Prior to this, by correspondence dated August 23, 2012, Plaintiff's healthcare provider, Texas Neurology, PA, specifically informed Grayson County that all restrictions would be removed if he remained seizure-free through January 12, 2013.

9. In a letter dated October 17, 2013, Grayson County Health Department Director John Teel informed Plaintiff that effective immediately he was being placed on suspension pending investigation for "violating policies" of Grayson County.

10. Mr. Teel also instructed Plaintiff to appear on October 18, 2013 to "discuss results and outcomes of the investigation."

11. In a letter dated October 18, 2013, Mr. Teel rescheduled the meeting to October 25, 2013 at 4:00 p.m.

12. At the meeting, John Teel notified Plaintiff he was terminated for allegedly staring at female co-workers' breasts.

13. Plaintiff never intentionally stared at female co-workers' breasts.

14. In fact, Plaintiff had never been accused of inappropriate behavior of any kind during his twenty (20) years of employment at Grayson County.

15. Mr. Teel never presented Plaintiff with any evidence of inappropriate behavior.

16. Symptoms of epilepsy include:

    (a) Temporary confusion;

    (b) A staring spell;

    (c) Uncontrollable jerking movements of the arms and legs;

    (d) Loss of consciousness or awareness; and

    (e) Psychic symptoms.[1]

17. Grayson County specifically knew that Plaintiff was diagnosed with epilepsy/adult onset seizure disorder.

18. The Grayson County Health Department has a medical director, Dr. Jerry D. Bennett. And John Teel, M.S.R.S. should have knowledge of the symptomology of Plaintiff's disorder.

19. In essence, Grayson County discharged Plaintiff for symptomology of epilepsy/adult onset seizure disorder.

20. In addition, Grayson County demoted Plaintiff and made no effort to make any reasonable accommodation.

21. At the time of his demotion, Plaintiff was earning approximately $1,929.27 per biweekly pay period plus benefits and bonuses. At the time of his discharge, Plaintiff was earning approximately $1,289.88 per biweekly pay period plus benefits and bonuses. He also received longevity pay in the amount of $50.00 per biweekly pay period.

---

[1] Mayo Clinic Original Article at http://www.mayoclinic.com/health/epilepsy/DS00342

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

## COUNT I

### Violations of 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended

22. A. Plaintiff alleges that he was discharged in violation of 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended, protecting Plaintiff from discrimination in the workplace on the basis of his disability or perceived disability.

23. B. Plaintiff alleges he was demoted and denied reasonable accommodation in violation of 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended, protecting Plaintiff from discrimination in the workplace on the basis of his disability or perceived disability.

24. C. Plaintiff claims all relief, legal and equitable, that effectuate his rights under 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

25. D. Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

26. E. On or about February 4, 2014, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On November 24, 2014, he received the Notice of Right to Sue from the U.S. Department of Justice, Civil Rights Division and the U.S. Equal Employment Opportunity Commission, which was dated November 18, 2014.

## V. DAMAGES

27. Plaintiff would show that he has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendant's wrongful conduct.  Plaintiff claims all relief at law and in

equity pursuant to 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

## VI. ATTORNEY'S FEES

28. Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, he is entitled to reasonable and necessary attorney's fees.

## VII. JURY DEMAND

29. Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; liquidated damages; mental anguish; punitive damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com


 /s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)
**ATTORNEY FOR PLAINTIFF**